# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **S.B.**

**No. 17-0659** (Hardy County 16-JA-17)

**FILED**

**December 1, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father D.B., by counsel Charlie B. Johnson, appeals the Circuit Court of Hardy County's May 26, 2017, order terminating his parental rights to S.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Marla Zelene Harman, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motions for a post-adjudicatory and a post-dispositional improvement period and terminating his parental rights to the child when a less-restrictive dispositional alternative existed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he and his wife, who was also the child's mother and petitioner's first cousin, each made false allegations that the other sexually abused the child. The false allegations resulted in the child undergoing unnecessary medical examinations. The petition also alleged that both parents were chronic drug abusers and that their drug abuse led to the child's abuse.

In September of 2016, following petitioner's waiver of his right to a preliminary hearing, the circuit court held an adjudicatory hearing wherein petitioner failed to appear but was represented by counsel. Petitioner's counsel reported that the parties were not present for the hearing due to a car accident. It was later reported that the parties lied about being involved in a car accident and willfully chose not to attend the adjudicatory hearing. In November of 2016, the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

circuit court held a second adjudicatory hearing wherein the parties again failed to appear in person, but each was represented by their respective counsel.

On December 7, 2016, the DHHR filed an amended petition re-alleging the previous allegations and further alleging that petitioner was admitted to a medical center in Baltimore, Maryland, for a drug overdose wherein he admitted to hospital staff that he ingested Percocet and snorted heroin. Later, petitioner denied using heroin and suggested that someone put heroin in his food.

On December 12, 2016, the circuit court held a third adjudicatory hearing wherein all parties were present. A patrolman with the Moorefield Police Department testified that, in August of 2016, she received a 9-1-1 call from the mother alleging that petitioner abducted and sexually abused the child. The patrolman located petitioner while he was driving his vehicle and executed a traffic stop. After obtaining consent to search petitioner's vehicle, the patrolman found a bottle filled with urine which petitioner admitted was to be used for altering his drug screen. A DHHR worker testified that she responded to a separate referral wherein petitioner stated that the mother sexually abused the child and abused drugs. The worker also testified that petitioner later recanted his previous disclosures of sexual abuse and stated that he lied about the mother abusing drugs. The worker further testified that petitioner was hospitalized for a drug overdose, denied using drugs, and claimed that the mother's father "must have put heroin in some chili" he had given petitioner. Following the testimony, petitioner stipulated to the allegations as alleged in the original and amended petitions. Petitioner admitted that he exposed the child to drug abuse and to his "unstable relationship" with the mother. He also admitted that he failed to provide the child with stable housing and falsely accused the mother of sexual abuse which resulted in the child enduring unnecessary and painful medical procedures.

In January of 2017, petitioner filed a motion for a post-adjudicatory improvement period. The circuit court held a hearing on petitioner's motion wherein a DHHR worker testified that petitioner had participated in parenting and adult life skills classes, but denied abusing drugs. Petitioner also denied that he continued his relationship with the mother and stated that he did not need services. During petitioner's testimony, he provided numerous excuses for his drug-seeking behaviors. The circuit court scheduled another hearing on the matter to take place on March 22, 2017. However, upon appearing for the hearing, counsel for the parties informed to the circuit court that the mother had died from a heroin overdose. In April of 2017, the circuit court held a final hearing regarding petitioner's motion for a post-adjudicatory improvement period. At the conclusion of the hearing, the circuit court found that this case presented multiple issues, including false allegations of sexual abuse and drug abuse. The circuit court noted petitioner's overall lack of credibility and found that he "manipulate[d] each story to meet his needs at that particular time." The circuit court ultimately denied petitioner's motion for an improvement period, and found that petitioner failed to demonstrate that he can or will comply with the terms of the same.

In May of 2017, the circuit court held a dispositional hearing wherein the DHHR recommended the termination of petitioner's parental rights. Petitioner requested a post-dispositional improvement period. At the conclusion of the hearing, the circuit court denied petitioner's motion for an improvement period and found that petitioner was offered services

throughout the pendency of the case. The circuit court also found that petitioner failed to change his lifestyle and never fully addressed the issues which led to the filing of the original and amended petitions. The circuit court further found no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was consistent with the best interests of the child. Ultimately, the circuit court terminated petitioner's parental rights to the children by an order entered on May 26, 2017.[2] It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues on appeal that he should have been granted either a post-adjudicatory improvement period or a post-dispositional improvement period because he "complied with the recommendations of the [circuit] court." We disagree. Petitioner's argument ignores important portions of the adjudicatory hearing wherein petitioner illustrated his continued failure to acknowledge the conditions that gave rise to this proceeding. In order to obtain a post-adjudicatory or post-dispositional improvement period, West Virginia Code §§ 49-4-610(2)(B) and (3)(B) require that the parent "demonstrate[s], by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of either a post-adjudicatory or a post-

---

[2]Petitioner's parental rights to the child were terminated below, while the child's mother is deceased. According to the guardian and the DHHR, the child was placed in a foster home and the permanency plan is adoption into that home.

dispositional improvement period. The circuit court was presented with evidence that petitioner denied abusing drugs, continued his relationship with the mother, and believed that he did not need services. In keeping with our prior holdings, we have stated that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Simply put, petitioner's failure to acknowledge the conditions of abuse resulted in his inability to establish that he was likely to fully participate in an improvement period, as required by West Virginia Code §§ 49-4-610(2)(B) and (3)(B). As such, we find no error in the circuit court's denial of petitioner's motions for either a post-adjudicatory or post-dispositional improvement period.

Finally, the Court finds no error in the termination of petitioner's parental rights. On appeal, petitioner argues that the circuit court should have imposed a less-restrictive dispositional alternative. However, petitioner's argument ignores the circuit court's findings regarding his continued failure to acknowledge the abuse in the home, the fact that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Specifically, the circuit court found that petitioner was offered services throughout the pendency of the case, failed to change his lifestyle, and never fully addressed the issues which led to the filing of the original and amended petitions. As previously stated, problems of abuse or neglect cannot be remedied unless their existence is first acknowledged. See *In re Timber M.*, 231 W.Va. at 55, 743 S.E.2d at 363 (2013)

Given petitioner's refusal to accept his responsibility for the abuse, the circuit court was correct in finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future. Moreover, the circuit court was similarly correct in finding that termination of petitioner's parental rights was necessary to protect the child's health, safety, and welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 26, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: December 1, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker